UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL JAY WILLIAMS, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-CV-1388-RLW |
|  | ) |  |
| BETSY DEVOS, | ) |  |
| Secretary of the U.S. Department of | ) |  |
| Education, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint.[1] For the reasons discussed below, the Court will direct the Clerk of Court to issue process upon defendant Betsy DeVos, Secretary of the U.S. Department of Education.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals

---

[1] On August 29, 2018, the Court granted plaintiff's motion to proceed in forma pauperis and ordered him to file an amended complaint. *See* ECF No. 3.

of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint and Discussion**

Plaintiff brings this suit against the United States Department of Education for a refund of $5,000 he alleges was garnished from his income tax return to pay for a student loan debt that was not his. Plaintiff states that on February 5, 2018, the United States Department of Education garnished his income tax return in the amount of $5,000 for payment of a student loan debt, presumably incurred by a different Michael Jay Williams. He states that he has complained many times to the Department of Education, but it has denied him any relief. Although plaintiff's complaint is sparse on details, it is sufficient to survive initial review.

Under 20 U.S.C. § 1082(a)(2), plaintiff's case should have named as defendant Betsy DeVos, the Secretary of the U.S. Department of Education, instead of the U.S. Department of Education. The Court will order the Clerk to substitute Betsy DeVos, Secretary of the U.S. Department of Education, as defendant in this action.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall substitute Betsy DeVos, Secretary of the United States Department of Education for defendant United States Department of Education in this action.

**IT IS HEREBY ORDERED** that the Clerk of Court shall change the short caption of this action to *Williams v. DeVos*.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on plaintiff's complaint against Betsy DeVos, Secretary of the Department of Education.

Dated this 26th day of November, 2018.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE